1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM R. GLORE,                          No.  2:21-cv-02126 DB P

12                    Plaintiff,

13        v.                                     ORDER

14   D. JODOIN, et al.,

15                    Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims defendants violated his constitutional rights by falsely accusing

19   him of conspiring to commit murder.  Before the court is plaintiff's motion to proceed in forma

20   pauperis (ECF No. 2) and plaintiff's complaint for screening (ECF No. 1).

21        For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be

22   granted and the complaint will be dismissed with leave to amend.

23   ////

24   ////

25   ////

26   ////

27   ////

28   ////

                                          1

1

**IN FORMA PAUPERIS**

2      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

3  1915(a).  (ECF No. 2.)  Accordingly, the request to proceed in forma pauperis will be granted.

4      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

5  1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

6  accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

7  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

8  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

9  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

10  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

11  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

12  1915(b)(2).

13

**SCREENING**

14  **I.      Legal Standards**

15      The court is required to screen complaints brought by prisoners seeking relief against a

16  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

17  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

18  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

19  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

20  U.S.C. § 1915A(b)(1) & (2).

21      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

22  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

23  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

24  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

25  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

26  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

27  the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

28  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

1  the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S.

2  544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

3      However, in order to survive dismissal for failure to state a claim a complaint must

4  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

5  factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

6  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

7  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

8  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

9  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

10     The Civil Rights Act under which this action was filed provides as follows:

11     Every person who, under color of [state law] . . . subjects, or causes
       to be subjected, any citizen of the United States . . . to the deprivation
12     of any rights, privileges, or immunities secured by the Constitution .
       . . shall be liable to the party injured in an action at law, suit in equity,
13     or other proper proceeding for redress.

14  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

15  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

16  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

17  person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

18  1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

19  an act which he is legally required to do that causes the deprivation of which complaint is made."

20  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

21     Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

22  their employees under a theory of respondeat superior and, therefore, when a named defendant

23  holds a supervisorial position, the causal link between him and the claimed constitutional

24  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

25  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

26  concerning the involvement of official personnel in civil rights violations are not sufficient.  See

27  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

28  ////

3

1

## II. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

## III. Allegations in the Complaint

In the complaint, plaintiff indicates that, at all relevant times, he was located at High Desert State Prison ("HDSP").  (ECF No. 1 at 3.)  Plaintiff names as defendants Correctional Officer D. Jodoin, Lieutenant Brautigam, Sergeant Smith, and Correctional Officer Renteria.  (Id. at 2.)

Plaintiff's complaint contains only a short statement of facts followed by a short request for relief.  The statement of facts says the following:

> They told me I had to stab someone and I told them I wasn't going to do that and I told them I want to go home and I was working out and they started stabbing the victim.  And I did nothing.  At the next yard they attacked me three people because I did nothing.  And they were going to kill me.

(ECF No. 1 at 3.)  Plaintiff's complaint also contains the following statement regarding the relief requested by the plaintiff: "I would like to make a lawsuit on CDCR High Desert State Prison employee Officer Jodoin and Lieutenant Brautigam and Officer Renteria for falsely

////

4

1    accused to conspire murder."  (Id.)  Plaintiff attaches exhibits to his complaint but otherwise does

2    not include any additional information.  (See ECF No. 1.)

3    **IV.      Does Plaintiff State a § 1983 Claim?**

4              The complaint fails to state a cognizable claim under §1983.  Plaintiff has not clearly

5    alleged what constitutional or statutory rights he believes were violated.  Plaintiff also has not

6    included any allegations identifying the actions or omissions by individual defendants that caused

7    the violation of plaintiff's rights.  See Johnson, 588 F.2d at 743; Jones, 297 F.3d at 934.  From the

8    allegations in plaintiff's complaint, it is unclear how the any of the defendants were involved with

9    the events plaintiff describes.  The brief factual allegations provided by plaintiff only detail

10   actions taken by an unidentified group.  (ECF No. 1 at 3.)  As such, the complaint fails to satisfy

11   the linkage requirement and thus fails to allege sufficient facts to state a cognizable claim.  See

12   Johnson, 588 F.2d at 743; Jones, 297 F.3d at 934.

13             As plaintiff may be able to state a claim, he will be given the opportunity to file an

14   amended complaint.  Plaintiff is advised that he must adhere to the following standards for stating

15   claims for relief under § 1983:

16   •    Plaintiff must clearly identify each defendant and describe just what that defendant did

17        that violated his constitutional rights.

18   •    Plaintiff must identify as a defendant only persons who personally participated in a

19        substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy,

20        588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

21        constitutional right if he does an act, participates in another's act or omits to perform an

22        act he is legally required to do that causes the alleged deprivation).  "Vague and

23        conclusory allegations of official participation in civil rights violations are not sufficient."

24        Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

25   •    Plaintiff must make a short, plain statement of the facts supporting each claim.  See Fed.

26        R. Civ. P. 8(a).

27   •    Plaintiff may allege multiple claims against a single defendant.  Fed. R. Civ. P. 18(a).

28        However, he may not bring a claim against one defendant in the same case as an unrelated

5

1    claim against another defendant.  Unrelated claims against different defendants belong in

2    different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. §

3    1915(g)).

4    •    Any amended complaint must show the federal court has jurisdiction, the action is brought

5         in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

6         contain a request for particular relief.  In a civil rights case under § 1983, the relief

7         available includes monetary damages and appropriate injunctive relief.  Plaintiff may not

8         seek release from custody in a § 1983 action.

9    •    An amended complaint must be complete in itself without reference to any prior pleading.

10        E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleadings are

11        superseded.

12   •    Plaintiff must exhaust his administrative remedies before filing suit.  42 U.S.C. §

13        1997e(a).

14   •    The proper vehicle for seeking release from custody is a petition for a writ of habeas

15        corpus under 28 U.S.C. § 2254.  Plaintiff is warned that he must exhaust his state court

16        remedies before filing any habeas petition in this court.  28 U.S.C. § 2254(b).  In addition,

17        plaintiff is warned that there is a one-year statute of limitations for filing habeas corpus

18        petitions in the federal court.  28 U.S.C. § 28 U.S.C. § 2254(d).

19            Additionally, while it is not clear precisely what plaintiff's claim is, based on the attached

20   documents, it may relate to inmate disciplinary proceedings.  Plaintiff also mentions false

21   accusations by defendants in the complaint.  (ECF No. 1 at 3.)  To the extent plaintiff is

22   attempting to claim that false reports were filed against him, he is advised that the falsification of

23   a disciplinary report does not state a stand-alone constitutional claim.  See Luster v. Amezcua,

24   No. 1:16-cv-0554-DAD-GSA-PC, 2017 WL 772141, at *5 (E.D. Cal. Feb. 27, 2017).

25   ////

26   ////

27   ////

28   ////

6

1 **AMENDING THE COMPLAINT**

2   This court finds above that plaintiff has not alleged sufficient facts to state a cognizable

3 claim against defendants.  Plaintiff will be given the opportunity to file an amended complaint/

4   If plaintiff chooses to do so, he must address the problems with his complaint that are

5 explained above.  Any amended complaint must be complete in itself.  The court cannot refer to a

6 prior complaint to understand the plaintiff's claims.

7   In an amended complaint plaintiff must clearly identify each defendant and the action that

8 defendant took that violated plaintiff's constitutional rights.  The court is not required to review

9 exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If

10 plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging

11 allegations must be set forth in the amended complaint, so defendants have fair notice of the

12 claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support

13 of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  <u>See</u> Fed. R.

14 Civ. P. 8(a).

15   Any amended complaint must show the federal court has jurisdiction, the action is brought

16 in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

17 contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

18 personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

19 <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the

20 deprivation of a constitutional right if he does an act, participates in another's act, or omits to

21 perform an act he is legally required to do that causes the alleged deprivation).  "Vague and

22 conclusory allegations of official participation in civil rights violations are not sufficient."  <u>Ivey v.</u>

23 <u>Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

24   In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

25 R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

26 R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

27 occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

28 ////

1    The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

2    1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

3    heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

4    84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

5    set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)

6    ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus

7    litigation on the merits of a claim."); Fed. R. Civ. P. 8.

8    An amended complaint must be complete in itself, without reference to any prior pleading.

9    E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

10   By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

11   evidentiary support for his allegations, and for violation of this rule, the court may impose

12   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

13   ////

14   ////

15   ////

16   ////

17   ////

18   ////

19   ////

20   ////

21   ////

22   ////

23   ////

24   ////

25   ////

26   ////

27   ////

28   ////

1                    **CONCLUSION**

2       For the foregoing reasons, IT IS HEREBY ORDERED as follows:

3    1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

4    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is

5        assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

6        1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to

7        the Director of the California Department of Corrections and Rehabilitation filed

8        concurrently herewith.

9    3.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend

10    4.  Plaintiff is granted forty-five (45) days from the date of service of this order to file an

11        amended complaint that complies with the requirements of the Civil Rights Act, the

12        Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended

13        complaint must bear the docket number assigned this case and must be labeled "First

14        Amended Complaint;" failure to file an amended complaint in accordance with this order

15        will result in a recommendation that this action be dismissed.

16    5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form

17        used in this district.

18   Dated:  September 2, 2022

20                                             _____

21                         DEBORAH BARNES

                            UNITED STATES MAGISTRATE JUDGE

27   DB:14
   DB/DB Prisoner Inbox/Civil Rights/S/glor2126.scrn